HON. STEPHEN G. LARSON (Ret.)
*slarson@larsonllp.com*
555 S. Flower Street
Suite 4400
Los Angeles, CA  90071
Tel:  (213) 436-4888
Fax:  (213) 623-2000

**SPECIAL MASTER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TML RECOVERY, LLC, a California limited liability company, et al., <br><br>Plaintiffs, <br><br>v. <br><br>CIGNA CORPORATION, a Delaware corporation, et al. <br><br>Defendants. | Case No. 8:20-cv-00269-DOC-JDE <br><br>Hon. David O. Carter <br><br>Consolidated with the following cases for pretrial proceedings: <br><br>8:20-cv-0271    8:20-cv-0274 <br>8:20-cv-0272    8:20-cv-0787 <br>8:20-cv-0273    8:20-cv-0788 <br><br>**ORDER re: SPECIAL MASTER'S REPORT & RECOMMENDATION NO. 1** <br>**[61]** |

## I. INTRODUCTION

Plaintiffs are out-of-network ("OON") substance use disorder ("SUD") treatment providers and clinical laboratories. Plaintiffs contend that they provided medically necessary, verified, preauthorized, and covered SUD treatment and laboratory services to 508 individuals with health insurance that was sold, insured, managed, and/or administered by Defendants, various Cigna health insurance entities and Multiplan and Viant (affiliated companies that operate independent preferred provider organizations). (Dkt. No. 58, at 3). Plaintiffs allegedly obtained written assignments from each of the 508 insureds at issue, by which Defendants' insureds intended to, and did, assign to Plaintiffs not only rights to payment of claims but to assert all rights and causes of action against Defendants in connection with such claims. Plaintiffs seek to recover additional payment beyond the amounts the 508 insureds have already received from Defendants, and Plaintiffs seek damages of more than $72 million dollars. (Dkt. No. 58, at 6).

Plaintiffs' counsel has been recently retained by additional OON SUD providers seeking to pursue claims against Defendants. Plaintiffs' counsel intends to file a Consolidated Second Amended Complaint that includes some or all of these additional OON SUD providers on or before November 9, 2020. The amendment may double the number of insureds and medical claims at issue. (Dkt. No. 58, at 6). Accordingly, by November 9, 2020, this action may include over 100 patients with 160,000 medical claims. The Special Master, in recommending the discovery plan and case schedule below, assumed that Plaintiffs will be doubling the number of claims at issue on or before November 9, 2020.

Defendants deny that Plaintiffs are entitled to any additional monetary payments. In fact, Defendants assert that Plaintiffs' claims cannot survive Defendants' motion to dismiss. (Dkt. Nos. 26, 27). If Plaintiffs' claims survive the motion to dismiss, Defendants will likely file counterclaims challenging the propriety of the services Plaintiffs provided, the medical necessity of the services

provided, the frequency of the services provided, the amounts billed to Defendants for the services provided, and whether the services billed were provided *at all*. (Dkt. No. 58, at 7).

## II.   BACKGROUND

To date, nine cases have been filed and consolidated for discovery and pretrial purposes:

1. *TML Recovery, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00269-DOC(JDE);
2. *Southern California Recovery Centers Oceanside, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00272-DOC (JDE);
3. *MMR Services, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00271-DOC (JDE);
4. *Addiction Health Alliance, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00273-DOC (JDE);
5. *DR Recovery Encinitas, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00274-DOC (JDE);
6. *12-South, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00787-DOC (JDE);
7. *Southern California Addiction Center, Inc. v. Cigna Corporation, et al.*, Case No. 8:20-CV-00788-DOC(JDE);
8. *Woman's Recovery Center, LLC v. Cigna Corporation, et al.*, and
9. *Pacific Palms Recovery, LLC v. Cigna Corporation, et al.*[1]

On October 10, 2020, Judge David O. Carter issued a scheduling notice ordering "the parties to meet and confer with Special Master Stephen Larson on October 15, 2020 at 10:00 a.m." regarding a proposed case schedule. (Dkt. No.

---

[1] Plaintiffs Woman's Recovery Center, LLC and Pacific Palms Recovery, LLC were joined in this consolidated matter by and through the filing of the FAC, *i.e.* there were no individual actions filed on behalf these two Plaintiffs prior to consolidation.

55).  In preparation for the October 15, 2020 informal scheduling conference, the Special Master ordered the parties to file with the Court and submit to the Special Master an updated Joint Rule 26(F) Report.  (Dkt. No. 56).  The parties filed and submitted the updated Joint Rule 26(F) Report on October 14, 2020.  (Dkt. No. 58).

On October 15, 2020, the Special Master held the informal scheduling conference.  Counsel for the Plaintiffs and Defendants made their appearances.  The Special Master asked questions regarding the parties' proposed case schedule, as set forth in the updated Joint Rule 26(F) Report and explored potential avenues to streamline the presentation of claims at trial.  Having reviewed the parties' updated Joint Rule 26(F) Report and having heard the parties' respective positions regarding a proposed case schedule and discovery plan, the Special Master **RECOMMENDS** the following:

### III.   DISCOVERY STAY

Pending the Court's ruling on Defendants' motions to dismiss, Defendants propose staying discovery.  (Dkt. No. 58, at 13).  Defendants assert that a stay will preserve resources in the event the Court is inclined to grant the motions in whole or in part.  (*Id.*).  Plaintiffs do not oppose a discovery stay pending resolution of Defendants' motions to dismiss.

Pursuant to the agreement of the Parties, the Special Master recommends a discovery stay pending resolution of Defendants' motions to dismiss.  *However*, the parties are encouraged to engage in the informal exchange of information that may streamline the issues and claims in dispute.  Furthermore, the parties are on notice that the Court and Special Master will look unfavorably on any request to continue discovery-related deadlines (*see* below), particularly because the parties requested and/or agreed to the discovery stay.  (*See* Dkt. No. 8 ["This Court has a strong interest in adhering to scheduled dates.  Changes in dates are disfavored."]; Dkt. No. 28 ["[T]he Court encourages the parties to begin discovery before the

Scheduling Conference."]).

## IV. DISCOVERY PLAN

The parties agree that discovery should proceed in two phases. (Dkt. No. 58, at 12-13). The Special Master concurs with this approach.

**Phase 1:** In this phase, discovery shall be patient-specific, meaning that Plaintiffs will seek discovery of plan documents and the administrative record reflecting the administration of claims, while Defendants will seek discovery of treatment records and other similar records. Plaintiff will chose ten (10) patients from each of the Plaintiff OON SUD providers, and Defendants will pick ten (10) patients from the same Plaintiff OON SUD providers for purposes of discovery, for a total of 180 patients—the "patient pool".[2] If one or more Defendants assert a counterclaim, each Plaintiff/Counterclaim Defendant may pick an additional ten (10) patients from each of the Plaintiff OON SUD providers and Defendant(s) / Counterclaim Plaintiff(s) may pick an additional ten (10) patients from the same for purposes of discovery on the counterclaims.

**Phase 2:** In this phase, Plaintiffs will seek discovery of policies, procedures, and practices relating to the administration of OON SUD provider claims, and general statutory and regulatory compliance issues relevant to this matter. Defendants will seek discovery of licenses, certifications, accreditations, and other information relating to the policies, procedures, and practices of Plaintiffs.

**Adding Patients to the "Patient Pool":** If any party wishes to add additional patients to the patient pool, the parties shall meet and confer to determine if they agree on adding additional patients. If the parties agree that additional patients should be added, Plaintiffs and Defendants would be entitled to add the same number of patients from the same Plaintiff OON SUD providers. If the parties cannot agree, the party proposing adding additional patients must demonstrate good cause in its motion to the Court and Special Master for an order

---

[2] This "patient pool" will increase if Plaintiffs add additional OON SUDs on November 9, 2020.

adding such patients.

## V. Trial

The consolidated cases have been consolidated for discovery and pre-trial purposes *only*. Plaintiffs "contend this action should be tried as one consolidated action because the factual and legal issues in each of the related consolidated cases are the same or substantially similar." (Dkt. No. 58, at 14). Defendants, on the other hand, contend the presently consolidated actions "should be tried separately because different witnesses will be required for each individual plaintiff." (*Id.*).

During the scheduling conference, the Special Master probed whether Plaintiffs' counsel would be amenable to a "bellwether" trial. Given the number of patient claims at issue and the relatedness of the claims across the different cases, the Special Master stated that a bellwether trial may conserve party resources and help facilitate resolution on a more expedited basis. Plaintiffs agreed. Defendants did not object to the use of a bellwether trial in this matter.

The Special Master recommends that Plaintiffs and Defendants meet and confer on or before **November 20, 2020** regarding how a bellwether trial will be conducted in this matter. The parties shall submit to the Special Master a joint report setting forth position statements regarding how the bellwether trial should be conducted. In the joint report, the parties shall also provide an estimated trial length, the number of expected witnesses for each side, and any other helpful, relevant information regarding the proposed bellwether trial procedure. The joint report shall be submitted to the Special Master on or before **December 4, 2020**. The Special Master will issue a Report & Recommendation recommending a bellwether trial procedure within 14 days of the hearing on the joint report.[3]

## VI. PROPOSED CASE SCHEDULE

The Special Master recommends that the following case schedule be adopted by the Court:

---

[3] The Special Master will set a hearing date after receiving the parties' joint report.

| Date | Event |
|---|---|
| November 9, 2020 | Last Day to Add Plaintiffs |
| December 4, 2020 | Last Day for Defendants to Move to Dismiss the Consolidated Second Amended Complaint |
| December 23, 2020 | Last Day for Plaintiffs to Oppose the Motion |
| January 15, 2021 | Last Day for Defendants to File Reply in Support of the Motion |
| February 1, 2021 | Hearing on Motion to Dismiss |
| July 13, 2021 | Fact Discovery Cut-Off |
| August 16, 2021 | Expert Disclosure Cut-Off |
| September 29, 2021 | Rebuttal Expert Disclosure Cut-Off |
| November 23, 2021 | Expert Discovery Cut-Off |
| January 4, 2022 | Dispositive Motion Hearing Cut-Off |
| February 15, 2022 | Final Pretrial Conference at 8:30 a.m. |
| March 15, 2022 | Trial (Bellwether) at 8:30 a.m. |
| *April 2022 | Trial (Remaining Cases) |

IT IS SO ORDERED.

DATED: October 20, 2020

Stephen G. Larson
Special Master

DATED: December 23, 2020

The Honorable David O. Carter
United States District Judge