HON. STEPHEN G. LARSON (Ret.)
*slarson@larsonllp.com*
555 S. Flower Street
Suite 4400
Los Angeles, CA  90071
Tel:  (213) 436-4888
Fax:  (213) 623-2000

**SPECIAL MASTER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TML RECOVERY, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA CORPORATION, a Delaware corporation, et al. <br><br> Defendants. | Case No. 8:20-cv-00269-DOC-(JDEx) <br><br> Hon. David O. Carter <br><br> Consolidated with the following cases for pretrial proceedings: <br><br> 8:20-cv-0271    8:20-cv-0274 <br> 8:20-cv-0272    8:20-cv-0787 <br> 8:20-cv-0273    8:20-cv-0788 <br><br> **ORDER re: SPECIAL MASTER'S REPORT & RECOMMENDATION NO. 3** |

## I. INTRODUCTION

On May 17, 2021, Plaintiffs TML Recovery, LLC *et al.* and Defendants Cigna Corporation *et al.* submitted a Joint Request to the Special Master seeking to modify or vacate the current case schedule. The Joint Report follows Plaintiffs' filing of a Consolidated Second Amended Complaint and the Court's order setting the briefing schedule for a motion to dismiss the Second Amended Complaint. (See ECF Nos. 78, 79).

The Parties agree that the Court should vacate the current case schedule and set a scheduling conference after (i) the Court rules on the motion to dismiss and (ii) after the parties file answers and counterclaims. (ECF No. 80 at 3). As an alternative to setting a scheduling conference, after the pleadings are settled, Plaintiffs and Defendants have proposed dueling case schedules, with Plaintiffs seeking an approximately six-month extension of the current dates, whereas Defendants seek a one-year extension. (*Id.* at 4).

Furthermore, the Parties agree that a discovery stay should be implemented pending the outcome of Defendants' motion to dismiss, but disagree as to whether limited informal discovery should proceed while the motion to dismiss is pending. (*Id.* at 5-6). The Special Master previously recommended and the Court adopted an order staying discovery while Defendants' motion to dismiss the First Amended Complaint was pending, but encouraging the informal exchange of information. (*See* ECF No. 66).

## II. BACKGROUND

Plaintiffs are nine out-of-network ("OON") substance use disorder ("SUD") treatment providers and clinical laboratories. Defendants are various Cigna health insurance entities and two affiliated companies—Multiplan and Viant—that operate independent preferred provider organizations. The instant action is made up of nine cases that were consolidated for discovery and pretrial purposes:

1. *TML Recovery, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-

   00269-DOC(JDE);
2. *Southern California Recovery Centers Oceanside, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00272-DOC (JDE);
3. *MMR Services, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00271-DOC (JDE);
4. *Addiction Health Alliance, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00273-DOC (JDE);
5. *DR Recovery Encinitas, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00274-DOC (JDE);
6. *12-South, LLC v. Cigna Corporation, et al.*, Case No. 8:20-CV-00787-DOC (JDE);
7. *Southern California Addiction Center, Inc. v. Cigna Corporation, et al.*, Case No. 8:20-CV-00788-DOC(JDE);
8. *Woman's Recovery Center, LLC v. Cigna Corporation, et al.*, and
9. *Pacific Palms Recovery, LLC v. Cigna Corporation, et al.*[1]

(*See* ECF No. 64 at 2-3).

On December 23, 2020, the Court adopted Special Master's Report and Recommendation No. 1, which proposed a discovery stay pending resolution of Defendants' motion to dismiss and a case schedule. (*See* ECF No. 66).

On March 29, 2021, the Court dismissed the Consolidated First Amended Complaint (*see* ECF No. 75), and on April 28, 2021, Plaintiffs filed a Consolidated Second Amended Complaint (*see* ECF No. 79). According to the Court's briefing schedule, motions to dismiss the Consolidated Second Amended Complaint are due on June 11, 2021, oppositions are due on July 26, 2021, and replies are due on August 25, 2021. (*See* ECF No. 78).

On May 17, 2021, the parties submitted a Joint Report regarding scheduling

---

[1] Plaintiffs Woman's Recovery Center, LLC and Pacific Palms Recovery, LLC were joined in this consolidated matter by and through the filing of the FAC, *i.e.*. there were no individual actions filed on behalf of these two Plaintiffs prior to consolidation.

and discovery to the Special Master, believing that "good cause and compelling factual support exist to modify the current schedule" in light of the amended pleadings and new motion to dismiss, and because the current schedule is "unworkable." (*See* ECF. No. 80). The Parties requested that the Special Master set a status conference to discuss vacating or modifying the current discovery schedule and trial dates, and to recommend that the Court set a scheduling conference to plan a new schedule. (*Id.*).

Although the Parties agree that the case schedule should be modified, Defendants propose a one-year extension of all dates, whereas, Plaintiffs propose extending the dates by approximately six months. (*Id.* at 4). As to discovery, while neither party is opposed to a discovery stay, Plaintiffs insist that the Parties engage in informal discovery, a process Defendants oppose. (*Id.* at 5-6).

On May 25, 2021, the Parties appeared before the Special Master for a hearing. Having reviewed the parties' Joint Request regarding scheduling and discovery and having heard the parties' respective positions, the Special Master **RECOMMENDS** the following:

### III.   PROPOSED CASE SCHEDULE

The Special Master agrees that the current case schedule is unworkable, given the filing of the Consolidated Second Amended Complaint and forthcoming motion to dismiss, and recommends that the Court vacate the current schedule and hold a scheduling conference at its convenience after the pleadings are settled.

However, the Special Master recommends that, in the interim, and until the Court can revisit the case schedule after the pleadings are settled, the Court adopt the case schedule proposed by Plaintiffs. Defendants' proposal to extend the current dates by one year is unwarranted and will promote delay.

Thus, until the Court can revisit the case schedule after the pleadings are settled, the Special Master recommends that the following schedule be adopted by the Court :

| Event | Current Date | Date |
|---|---|---|
| Fact discovery cut-off | July 13, 2021 | January 12, 2022 |
| Expert disclosure cut-off | August 16, 2021 | February 15, 2022 |
| Rebuttal expert disclosure cut-off | September 29, 2021 | March 31, 2022 |
| Expert discovery cut-off | November 23, 2021 | May 25, 2022 |
| Dispositive motion hearing cut-off | January 4, 2022 | July 25, 2022 |
| Final pretrial conference | February 15, 2022 at 8:30 a.m. | September 6, 2022 at 8:30 a.m. |
| Trial (Remaining Cases) | April 2022 | October 26, 2022 at 8:30 a.m. |

## IV.  DISCOVERY PLAN

Consistent with the Court's December 23, 2020 order (*see* ECF No. 66), the Special Master recommends a discovery stay pending resolution of the Defendants' motion to dismiss.

The Special Master further recommends that the parties engage in the informal exchange of information. (*see, e.g.* ECF No. 66 [Special Master encouraging the parties to "engage in the informal exchange of information that may streamline the issues and claims in dispute."]). Specifically, the Special Master recommends that (a) Plaintiffs produce sample assignments from their patients and (b) Defendants produce sample health plan documents. The parties shall meet and confer within seven (7) court days of this Report & Recommendation's filing to discuss how a representative "sampling" of assignments and health plans can be produced.

This informal exchange of information will help minimize delays, clarify issues in dispute, assist with settlement discussions, and assist the Parties with adhering to the proposed interim case schedule. As Defendants' counsel represented during the hearing, this case is a "big case." Indeed, over 84,000

claims are at issue. Thus, for this case to be tried within a reasonable amount of time, foundational documents (such as sample assignments and health plans) should be produced sooner rather than later.

**IT IS SO RECOMMENDED.**

DATED: May 27, 2021

Stephen G. Larson
Special Master

**IT IS SO ORDERED.**

DATED: July 12, 2021

The Honorable David O. Carter
United States District Judge