HON. STEPHEN G. LARSON (Ret.)
slarson@larsonllp.com
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071
Tel: (213) 436-4888
Fax: (213) 623-2000

**SPECIAL MASTER**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TML RECOVERY, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA CORPORATION, a Delaware corporation, et al. <br><br> Defendants. | Case No. 8:20-cv-00269-DOC-JDE <br><br> Hon. David O. Carter <br><br> Consolidated with the following cases for pretrial proceedings: <br><br> 8:20-cv-0271    8:20-cv-0274 <br> 8:20-cv-0272    8:20-cv-0787 <br> 8:20-cv-0273    8:20-cv-0788 <br><br> **SPECIAL MASTER'S REPORT & RECOMMENDATION NO. 8 RE: PLAINTIFFS' MOTION TO COMPEL CIGNA'S PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION, PHASE TWO, SET ONE, NOS. 58, 85, AND 93** |

Plaintiffs request an order compelling Cigna to produce documents responsive to Plaintiffs' Requests for Production of Documents, Phase Two, Set One, Nos. 58, 85, and 93. According to Plaintiffs, the requested documents "are relevant to whether Cigna reimbursed Plaintiffs' claims in accordance with the plan language, and if not, whether Cigna's conflict of interest in processing Plaintiffs' claims was a motivating factor." *See* Plaintiffs' Motion to Compel Production of Documents (Dkt. 118) ("Motion to Compel"), at 1. Plaintiffs' Motion to Compel begets the following question: What is the conflict? Plaintiffs note that because the Administrative Services Only Agreements ("ASO Agreements") provided Cigna "Cost Containment Fees"—specifically, 29% of the savings or recovery it achieved for the plans—Cigna had an incentive to save the plan money (*i.e.*, pay the out-of-network substance use disorder ("OON-SUD") treatment providers an average of 16.23% of their covered charges), as opposed to paying the expected level of coverage (an average of 70%) for the plan's patients. *See id.* at 2. Because of this alleged conflict of interest, Plaintiffs aver that discovery beyond the ERISA administrative record is appropriate. *Id.*

Cigna counters that Plaintiffs' Motion to Compel should be denied for two reasons.

*First*, Cigna contends that it was not operating under a financial conflict. Cigna asserts that, because it is ultimately responsible for (i) determining coverage and (ii) interpretating plan documents to determine the rate at which the claim is covered, there is no conflict of interest during the critical "coverage" and "rate determination" stage, which is the focus of any conflict-of-interest inquiry. The fact that Cigna later engages MultiPlan for pricing services has no impact, Cigna asserts, on whether Cigna will cover a claim, nor how much of the claim it covers. *See* Cigna's Opposition to Plaintiffs' Motion to Compel Responses (Dkt. No. 120) ("Opposition"), at 3-4.

//

*Second*, Cigna posits that RFP Nos. 58, 85, and 93 are overly broad and burdensome. Cigna claims that the document search necessitated by these requests would require "hundreds of man hours," and therefore, the requests are disproportionate to the needs of this case. *See id.* at 1.

The parties met and conferred regarding the subject discovery by exchange of letters dated May 25, 2022, and June 21, 2022, and by telephonic conference on June 29, 2022. *See* Motion to Compel, at 1, n.1. Plaintiffs also emailed Cigna a final copy of the Motion to Compel in advance of filing the Motion to Compel. *Id.* The parties, however, were unable to resolve the dispute. Accordingly, on August 8, 2022, Plaintiffs filed their Motion to Compel. *See* Dkt. No. 118. Cigna filed its Opposition to the Motion to Compel on August 15, 2022. *See* Dkt. No. 120. Plaintiffs filed their reply on August 18, 2022. *See* Dkt. No. 121.

The Special Master held a hearing on the Motion to Compel on August 24, 2022. Following the hearing, on August 25, 2022, the Special Master requested additional briefing regarding the type of conflict at issue, specifically whether a "structural conflict of interest" exists in this case. *See* Exhibit A (the Special Master's August 25, 2022, email to parties). The parties submitted the requested letter briefs to the Special Master on August 29, 2022. *See* Exhibits B & C (Plaintiffs' and Cigna's letter briefs, respectively).

The Special Master's recommendation is set forth below.

**I.    LEGAL STANDARD**

    **1.    Federal Discovery**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.] Information within this scope of discovery need not be admissible . . . to be discoverable." *See* FED. R. CIV. PROC. 26(b)(1). Moreover, relevance "has been construed broadly [by the Supreme Court] to encompass any matter that bears on, or that reasonably could

lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Furthermore, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id*.

### 2. ERISA Discovery

Normally discovery outside of the administrative record is not allowed in a federal action seeking review of a denial of benefits under an ERISA plan. *See Strickland v. AT&T Pension Ben. Plan*, 801 Fed. Appx. 544, 545 (9th Cir. 2020); *see also Klein v. N.W. Mut. Life. Ins. Co.*, 806 F. Supp. 2d 1120, 1125 (S.D. Cal. 2011). A court may, however, order limited discovery beyond the administrative record if the moving party demonstrates that there is a conflict of interest. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc), abrogated in other part by *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008); *see also Brown v. United Healthcare Ins. Co.*, No. 14-CV-0661-BTM (DHB), 2014 WL 4557531, at *4 (S.D. Cal. 2014) (Courts have "discretion to permit discovery outside the administrative record to permit a thorough evaluation of the nature, extent, and effect the conflict of interest had in influencing Defendant's handling of Plaintiff's claim in this case.").

The Ninth Circuit recognizes that an ERISA conflict of interest may warrant such discovery where an insurer acts as both the plan administrator and the funding source for benefits; this is referred to as a "structural conflict of interest." *See Abatie*, 458 F.3d at 965. Additionally, District Courts in the Ninth Circuit have deemed that some "financial conflicts" can give rise to limited discovery if the moving party can demonstrate "irregularities or conflict" because of a financial relationship behind the decision denying benefits; this is a non-structural conflict of interest. *See Walker v. AT&T Benefit Plan No. 3*, 338 F.R.D. 658, 663-64 (C.D.

Cal. 2021) (A conflict of interest may also exist where the party seeking discovery proffers "sufficient facts plausibly suggesting the presence of a financial or other conflict of interest behind the decision denying benefits."); *Takata v. Hartford Comp. Emp. Benefit Serv. Co.*, No. CV-11-5068-RMP, 2012 WL 12830390, at *4 (D. Wash. Mar. 28, 2012); *see also Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 648 (E.D. Cal. 2009) ("Taken together, *Glenn* and *Abatie* require a district court to consider the conflict of interest as a factor whose weight depends on the 'nature, extent, and effect' of the conflict on the decision-making process, which may be unmasked through discovery.").

Should discovery proceed beyond the ERISA administrative record, it should be tailored to the issue raised by the conflict of interest because "discovery cannot be as broad and overreaching in ERISA cases as in other types of litigation." *Cerone v. Rel. Std. Life Ins. Co.*, No. 13cv184-AJB (DHB), 2013 WL 6579006, at *5 (S.D. Cal. Dec. 13, 2013).

## II. SPECIAL MASTER'S RECOMMENDATION

### 1. Plaintiffs Identify a Potential Conflict of Interest, Therefore, the Requested Discovery is Relevant and Permitted

Abuse of discretion is the standard of review in ERISA cases when, as is the case here, the plan at issue confers administrative discretion to determine a participant's eligibility for benefits and to interpret the terms of the plan. *See Abatie*, 458 F.3d at 963; *see also* Motion to Compel, at 3 (Plaintiffs concede the applicable standard of review is abuse of discretion); Opposition, at 3, n.2 (same).

When abuse of discretion is the appropriate standard of review, a district court may consider evidence outside of the administrative record "to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 967; *accord Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814-15 (7th Cir. 2006) ("Although discovery is normally disfavored in

the ERISA context, at times additional discovery is appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits . . . . Where a claimant makes specific factual allegations of misconduct or bias in a plan administrator's review procedures, limited discovery is appropriate").

There is no "structural conflict" at issue. *See Abatie*, 458 F.3d at 967. Cigna explains that it acts solely as a plan administrator, not a funding source. *See* Exhibit C. Plaintiffs concede this fact. *See generally* Motion to Compel; Exhibit B. However, Plaintiffs have established the potential existence of a financial or other conflict of interest behind Cigna's benefits decisions. *See Walker*, 338 F.R.D. at 663–64; *see also Takata*, 2012 WL 12830390, at *4. Indeed, Plaintiffs offer compelling facts in support of its claim that a financial conflict exists that may incentivize Cigna to deny plan benefits or pay a lesser amount toward covered plan benefits. For example, Plaintiffs proffer:

- "The majority of plans pay[ ] at 70% of covered charges . . . ." Dkt. No. 79, at ¶ 24. Instead of paying Plaintiffs in accordance with the plans and the law, Cigna engaged in unfair and unreasonable practices – with an emphasis on profits over patients – and paid Plaintiffs, as a group, an average of 16.23% of their covered charges. *Id.* at ¶ 30.
- Pursuant to the ASO Agreements, Cigna is to "(i) receive and review claims for Plan Benefits; (ii) determine Plan Benefits, if any, payable for such claims; (iii) disburse payments of Plaintiff Benefits to claimants[.]" *See* Motion to Compel, at 2 (citing Eisenbrey Decl., ¶ 4, Ex. A).
- The ASO Agreements also confirm how Cigna is compensated by the plan sponsors. In addition to a monthly fee per employee, Cigna receives 29% of the savings or recovery it achieves for the plans. Cigna's vendors, like defendants MultiPlan, Inc. and Viant, Inc. (collectively "MultiPlan"), receive 7% to 11% of the savings. Cigna calls this its "Cost Containment

Fees." (Eisenbrey Decl., ¶ 4 and Ex. B). Plaintiffs characterize this arrangement a financially motivated conflict of interest. (*Id.*)

- "Cigna evaluated Plaintiffs' claims for benefits, made coverage and level of care decisions, determined what reimbursement methodology and rate would be applied to the claims, and reimbursed itself (and MultiPlan) based on a large percentage of what it saved the plan sponsors. This conflict is evidenced by, *inter alia*, ASO Agreements – Cost Containment Fees, which indicate that Cigna (and likely MultiPlan) made more money on the claims at issue than Plaintiffs who actually provided the life-saving treatment."

*See* Motion to Compel, at 3.

In sum, because Plaintiffs have "proffered sufficient facts plausibly suggesting the presence of a financial or other conflict of interest" relating to Cigna's benefits decisions, discovery that is narrowly tailored "to significantly illuminate the conflict's effect on the specific benefit[s] decision[s] under review" is permissible. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007); *see also Baldoni v. Unumprovident et al*, 2007 WL 649295, at *7 (D. Or. Feb. 26, 2007); *Gullidge v. Hartford Life & Accident Ins. Co.,* 501 F.Supp.2d 1280, 1283 (C.D. Cal. 2007).[1]

### 2. RFP Nos. 58, 85, and 93 Must Be Targeted to the Discovery of Facts Relevant to the Conflict of Interest

The discovery should be narrowly tailored to illuminate the "nature, extent, and effect" of a conflict of interest on a decision-making process and should not be so broad as to constitute a fishing expedition." *See Takata*, 2012 WL 12830390, at *3; *Walker*, 338 F.R.D. at 663.

**RFP No. 58:** *All DOCUMENTS, ESI and COMMUNICATIONS*

---

[1] In Plaintiffs' letter brief (*see* Exhibit B), Plaintiffs argue, for the first time, that this case is not "just and ERISA case," and Plaintiffs' state law claims provide an independent basis to order the requested discovery. Because Cigna did not have an opportunity to directly respond to this argument, the Special Master did not consider it here.

*REGARDING YOUR efforts to reduce costs and expenses on OON SUD treatment claims, including, but not limited to, all financial information, board of director meeting minutes, and all department and committee minutes, findings, recommendations, memoranda, policies and procedures, GUIDELINES, presentations and materials REGARDING the same.*

The Special Master finds that this request, as drafted, is overbroad and burdensome, particularly because it seeks the production of documents unrelated to the purported conflict of interest. The Special Master modifies this request as follows: All memoranda, meeting minutes, resolutions, and inter/intra-departmental-level memoranda created by or for YOUR (i) board of directors, (ii) "C-Suite" executives, and (iii) department leaders regarding Cigna's utilization targets and efforts to reduce expenses on OON SUD claims.

**RFP No. 85:** *All DOCUMENTS, ESI and COMMUNICATIONS between YOU and MULTIPLAN REGARDING the fees for services (including, but not limited to, invoices, bills and payments) that MULTIPLAN provided YOU REGARDING PLAINTIFF, the PLAN DOCUMENTS and OON CLAIMS.*

The Special Master finds that this request, as drafted, is narrowly tailored to illuminate the "nature, extent, and effect" of the alleged conflict of interest. *See Walker*, 338 F.R.D. at 663. As set forth by Plaintiffs, the ASO Agreements show that MultiPlan shares between 7% and 11% of the savings that Cigna achieves for the plan sponsors, and Cigna receives 29%. *See* Motion to Compel, at 6-7. Plaintiffs also highlight emails suggesting that Cigna's coverage determination is inextricably intertwined with MultiPlan's pricing function. *See, e.g.*, Motion to Compel, at 7 (citing Eisenbrey Decl., Ex. E [Cigna claim detail on a claim at issue providing for an allowed amount at 5% of the Plaintiffs' billed charge and stating, "PROVIDER THIS IS THE VIANT ALLOWED AMOUNT OFFERED."]). Communications and documents between Cigna and Multiplan relating to fees for services, coverage and benefit determinations, the percentage of the services

covered, and the reasoning behind these determinations bear directly on whether plan administrators "have acted arbitrarily" and whether "conflicts of interest" have contributed to an unjustifiable denial of benefits. *See Semien*, 436 F.3d at 814-15.

**RFP No. 93:** *All DOCUMENTS, ESI and COMMUNICATIONS REGARDING invoices/bills YOU sent and payments YOU received in connection with an ADMINISTRATIVE SERVICES AGREEMENT REGARDING the OON CLAIMS.*

In Plaintiffs' Reply (*see* Dkt. No. 121, at 2), Plaintiffs narrow this request as follows: "Plaintiffs only seek an order compelling production of documents regarding amounts charged by Cigna and payments it received from the plans in connection with ASO Agreements governing the claims at issue. [Plaintiffs] do not seek related communications." *Id.* The Special Master finds that Plaintiffs' withdrawal of the request for "related communications" ameliorates Cigna's burden concern. *See* Opposition, at 6.

Regarding the balance of RFP No. 93, Cigna shall (1) produce documents showing amounts charged by Cigna and payments it received from the plans in connection with ASO Agreements governing the claims at issue, **or** (2) given Cigna's assertion that the requested "information is discernable from already-produced documents" (see Dkt. No. 120, at 7), identify the documents by Bates number.

### III. CONCLUSION

The Special Master **GRANTS** Plaintiffs' Motion to Compel. However, the Special Master **MODIFIES RFP Nos. 58, 85, and 93** consistent with the recommendations set forth above.

//
//
//

**IT IS SO RECOMMENDED.**

DATED: September 6, 2022

_____
Stephen G. Larson
Special Master

**IT IS SO ORDERED.**

DATED: _____, 2022

_____
The Honorable David O. Carter
United States District Judge