Exhibit A-9 to the Declaration of Richard Collins in support of Plaintiffs' Opposition to Cigna's Motion for Summary Judgement
(ECF No. 225-9 redacted/ECF No. 251-9 sealed)

# EXHIBIT A-9

## ENTIRE DOCUMENT FILED CONDITIONALLY UNDER SEAL

## L.R. 79-5.2.2(c)

**CALLAHAN & BLAINE, APLC**
Richard T. Collins (Bar No. 166577)
 rcollins@callahan-law.com
Damon D. Eisenbrey (Bar No. 215927)
 deisenbrey@callahan-law.com
Adrian L. Canzoneri (Bar No. 265168)
 acanzoneri@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile:  (714) 241-4445

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TML RECOVERY, LLC, *et al.*<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION, *et al.*<br><br>Defendants.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>TML RECOVERY, LLC, *et al.*<br><br>Counterclaim Defendants. | **Case No.: 8:20-cv-0269-DOC-JDE**<br>*Assigned to Judge David O. Carter*<br><br>Consolidated with:<br>8:20-cv-0271     8:20-cv-0272<br>8:20-cv-0273     8:20-cv-0274<br>8:20-cv-0787     8:20-cv-0788<br><br>**PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE CIGNA DEFENDANTS, SET ONE, PHASE ONE**<br><br>This Document relates to:<br>    **"TML RECOVERY, LLC"**<br><br>*Confidential PHI – Subject to SPO* |

PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiff TML Recovery, LLC |
| RESPONDING PARTY: | | Defendants Cigna Corporation, Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., Cigna Behavioral Health, Inc., Cigna Behavioral Health of California, Inc., Cigna Health Management, Inc. and Cigna Healthcare of California, Inc. |
| SET NO.: | | ONE (1) |
| DISCOVERY PHASE: | | ONE (1) |

Plaintiff TML Recovery, LLC requests that Defendants Cigna Corporation, Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., Cigna Behavioral Health, Inc., Cigna Behavioral Health of California, Inc., Cigna Health Management, Inc. and Cigna Healthcare of California, Inc. respond to the following Requests for Production of Documents, Set One, and identify and produce for inspection and copying the documents and things described herein within (30) days at 3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707, in the manner prescribed by Federal Rule of Civil Procedure 34.

## DEFINITIONS AND INSTRUCTIONS

### Definitions:

The following definitions shall apply to each of the specific requests for production set forth below:

1. "YOU" and "YOUR" means Defendants Cigna Corporation, Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., Cigna Behavioral Health, Inc., Cigna Behavioral Health of California, Inc., Cigna Health Management, Inc. and Cigna Healthcare of California, Inc., and each of their current and former employees, consultants, agents, attorneys, professionals, representatives, officers, directors, board, committees, managers, independent contractors, medical directors, analysts, actuaries, supervisors, clinicians, departments (including, but not limited to, claims department, finance department, affordability department), subsidiaries, parent corporations, branch offices, affiliates, and anyone else acting

1  under their control or on their behalf.

2  2. "MULTIPLAN" means Defendants MultiPlan, Inc. and Viant, Inc., and
3  their current and former employees, consultants, agents, attorneys, professionals,
4  representatives, officers, directors, board, committees, managers, independent
5  contractors, medical directors, analysts, actuaries, supervisors, clinicians,
6  departments, subsidiaries, parent corporations, branch offices, affiliates, and anyone
7  else acting under their control or on their behalf.

8  3. "PLAINTIFF" means Plaintiff TML Recovery (TIN 46-2916076), and
9  shall include, where appropriate, its principals, officers, directors, partners,
10  employees, attorneys, professionals, agents, independent contractors, affiliates and
11  anyone else acting on its behalf.

12  4. "PATIENTS" refers to the 30 treatment-insureds at issue in this action,
13  who are identified and known by the parties by the following initials and member
14  identification numbers: B.B., U51242610; B.C., 103214730; M.C., U5749764004;
15  M.C., 103284621; C.D., U5111193803; I.D., 103262981; M.D., U15089801 01;
16  B.G., U0251660603; C.H., U33891754; L.H., U54191724; M.H., U43880339 01;
17  M.L., U6062028801; M.L., U39003502; D.M., U41984165; A.M., U50800396 01;
18  D.R., 103359149; C.R., U4459288202; J.S., U3504548503; P.S., U2287733104;
19  M.S., 103233437; K.A., U0258286803; M.C., U2964221303; R.C., U0796442107;
20  A.F., U56991994 03; O.F., U0453318801; C.G., U42864519; M.G., 998421686;
21  J.K., U4322868304; T.M., U0328371303; T.O., U5815553204.

22  5. "CLAIMS" shall mean PLAINTIFF'S claims for insurance coverage
23  submitted to YOU regarding the treatment and services that PLAINTIFF provided
24  to the PATIENTS.

25  6. "PLAN DOCUMENTS" means the healthcare benefits plans insured,
26  managed and/or administered by YOU for the benefit of the PATIENTS, and any
27  DOCUMENT setting forth the terms of the plan, including, but not limited to, the
28  official or formal plan documents, summary plan descriptions, administrative

agreements, certificates of coverage, applications, and any and all revisions, modifications, amendments, riders, endorsements and attachments to the same.

7. "GUIDELINES" means YOUR level of care guidelines for substance use disorder treatment and/or laboratory services and benefits; coverage guidelines for substance use disorder treatment and/or laboratory services and benefits; access and authorization guidelines for substance use disorder and/or laboratory services and benefits; benchmarks reflecting the appropriate length of stay in, or duration of, a course of treatment for a substance use disorder and/or limits on laboratory services and benefits; and shall include, but is not limited to, all manuals, procedures, criteria, policies, practices, processes, bulletins, memorandums, training manuals, videos, transcripts, power points and instructions REGARDING the same, or other similar information and materials created, adapted, or adopted by YOU.

8. "OON" means out-of-network.

9. "SUD" means substance use disorder.

10. "IMS" means Incidental Medical Services license.

11. "RTC" means residential treatment and services for a substance use disorder.

12. "PHP" means partial hospitalization treatment and services for a substance use disorder.

13. "IOP" means intensive outpatient treatment and services for a substance use disorder.

14. "OP" means outpatient treatment and services for a substance use disorder.

15. "ADMINISTRATIVE RECORD" means all DOCUMENTS that (i) YOU relied upon in making the benefit determinations REGARDING the PATIENTS; (ii) were submitted, considered, or generated in the course of making the benefit determinations REGARDING the PATIENTS, regardless of whether YOU relied upon the material in making those benefit determinations; (iii)

- 3 -
PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

1 demonstrate YOUR compliance with the administrative processes and safeguards
2 required by ERISA in making the benefit determinations REGARDING the
3 PATIENTS; and (iv) in the case of a group health plan…constitute a statement of
4 policy or guidance with respect to the PLAN DOCUMENTS concerning the denied
5 treatment option or benefit for the PATIENTS' diagnosis, regardless of whether
6 YOU relied upon the advice or statement in making the benefit determinations
7 REGARDING the PATIENTS.

8      16.   "DOCUMENT" or "DOCUMENTS" are intended to mean "documents
9 and other tangible things" and shall include, without limitation, originals, and copies
10 (carbon, photographic, microfilm or otherwise) of all writings, documents,
11 correspondence, papers, agreements, memorandums of understanding, proposals,
12 contracts, billings, reports, exhibits, memoranda, notes, reports, statements,
13 declarations, recommendations, analysis, diaries, inter-office and/or intra-office
14 corporate communications, email or other electronic communication, messages,
15 telegrams, telex communications, letters, ledgers, photographs, pictures, drawings,
16 sketches, analytical data, data sheets, video tapes, publications, spreadsheets, data,
17 catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk,
18 belt or any other type), invoices, work assignments, work records, worksheets,
19 devices and any other writings, printed and/or typewritten matter, including drafts,
20 or other physical objects in YOUR custody, care, possession, or control.  The fact
21 that information is contained in an electronic (as opposed to printed) form, such as
22 on a hard drive or server, does not exclude the information from this definition.  All
23 forms of recorded information, including ESI, are covered by the terms
24 "DOCUMENTS" or "DOCUMENTS."
25      Electronic DOCUMENTS must be produced with a .pdf, txt, or .jpeg load file
26 suitable for uploading in iPro format.  DOCUMENTS such as email or other similar
27 documents must include all attachments in their native format, without conversion to
28 another electronic format.  All available metadata fields must be produced for all

DOCUMENTS produced (including all attachments), and all electronic data must be produced in its native format, unaltered, uncorrupted and without conversion to another electronic format. Prior to production, all original electronic DOCUMENTS produced in .pdf format must be subjected to an OCR (optical character reader) process to make them electronically searchable. Original electronic DOCUMENTS must not be converted at any time prior to production to .tiff, .jpg, .pdf or other "picture"-type format, but instead remain in their native format to constitute a valid production.

Emails and messages must be produced from both computer servers and individual computer workstations, as well as all web-based server email, and must include each individual workstation and user, and not simply "top-level" emails in email threads or strings. "DOCUMENT" or "DOCUMENTS" shall also include all attachments to emails. Production of duplicate copies of the same DOCUMENTS is demanded only if the original or copies contain some material, handwritten or otherwise, that is not on the other copies or original.

17. "ESI" is defined as all information generated, recorded, preserved or maintained by electronic means, including, but not limited to, information generated, recorded, preserved or maintained on computer hard drives, floppy disks, computer files, deleted computer files, back-up computer files, magnetic tapes, CD-ROM, computer archives, computer memory or any other forms of computer readable storage media.

18. "COMMUNICATION" or "COMMUNICATIONS" includes, without limitation, all inquiries, discussions, recorded call transcripts and recordings, notes, memoranda, documents, conversations, interviews, negotiations, correspondence, facsimiles, e-mail, text messages or other forms of written or verbal interchange, however transmitted, conveyed, reproduced or recorded. COMMUNICATIONS shall also include internal, external, inter-office and intra-office COMMUNICATIONS with any PERSON and all of his/her/its current and former

employees, consultants, agents, attorneys, professionals, representatives, officers, directors, board, committees, managers, subsidiaries, parent corporations, branch offices and affiliates. A demand for COMMUNICATIONS encompasses a demand for DOCUMENTS containing such COMMUNICATIONS.

19. "PERSON" or "PERSONS" means and includes both natural persons and corporate or other business entities, whether or not in the employ of a party to this lawsuit, and the acts and knowledge of a PERSON are defined to include the acts and knowledge of that PERSON(S)' current and former employees, consultants, agents, attorneys, representatives, officers, directors, board, committees, managers, subsidiaries, parent corporations, branch offices, affiliates, and anyone else acting under their control or on their behalf.

20. "REGARDING" means constituting, reflecting, concerning, specifying, identifying, referring to, stating, establishing, evidencing, showing, describing, listing, recording, noting, depicting, referencing, embodying, reviewing, memorializing, summarizing, mentioning, commenting on, studying, analyzing or discussing.

**Instructions:**

1. The singular form of any noun or pronoun shall include, where appropriate, the plural thereof. Use of the feminine gender includes, where appropriate, the masculine gender, and the use of the neuter gender includes, where appropriate, both the masculine and feminine genders.

2. All references to a PERSON or PERSONS, whether natural or an fictitious entity, such as a corporation, association, trust, etc., includes, but is not limited to, any individual or entity acting on their behalf, such as an attorney, accountant, agent, independent contractor, employee or servant.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The term "including" shall be construed to mean inclusive of, but without limitation.

- 6 -
PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

1  Singular nouns shall include the plural and plural nouns shall include the singular.
2  The term "between," when used in defining a period of time, shall be construed to
3  include the termini defining such period.

4    4.    YOU must produce all DOCUMENTS responsive to each of the below
5  request that are within YOUR possession, custody, or control (including all
6  responsive DOCUMENTS that YOU have the legal right to obtain from anyone
7  upon request), which includes all responsive DOCUMENTS that are in the
8  possession, custody or control of YOUR agents, attorneys, adjusters, employees,
9  representatives, and other persons or entities acting on YOUR behalf.

10    5.    All responsive DOCUMENTS, whether electronically stored or in hard
11  copy format, shall be produced in electronic format as *.tiff images and include a
12  *.dii load file with all available metadata fields (including but not limited to
13  begdoc#, enddoc#, start attachment, end attachment, custodian or source, original
14  file path, original file name, file type/file extension, MD-5 hash value, title, creation
15  date, creation time, page count, last modification date, last modification time, and
16  last saved by name) written into the *.dii load file in a format suitable for uploading
17  in Summation with accompanying OCR text files.  The producing party shall also
18  provide a cross-reference/linking file that facilitates the linking of the produced
19  image and the native file.  The cross-reference/linking file will contain fields such as
20  the unique document ID (i.e., begdoc#) and the file path of the corresponding image
21  or native file.  The producing party may provide this cross-reference/linking file in
22  either a litigation database format such as a CSV (comma separated value) or a
23  standard tab delimited ASCII text file.

24    6.    All responsive electronically stored DOCUMENTS from which the
25  *.tiff images and meta-data were extracted shall also be produced in their original
26  native format, unaltered, uncorrupted and without conversion to another electronic
27  format.  The native format production shall not convert the original electronically
28  stored DOCUMENTS from their original format to any other format (by way of

PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

1 example, and without limiting any of the foregoing, from an original *msg., *.pst,
2 *.doc, *.wpd, *.xls file format or to an *.html, *.tiff, *.jpg, *.pdf or any other
3 "picture"-type file format), but instead remain in their original native format to
4 constitute a valid production.  DOCUMENTS such as email or other similar
5 documents must include all attachments in their native format.  All available
6 metadata fields must be preserved and produced for all DOCUMENTS produced
7 (including all attachments).  Production of electronic DOCUMENTS in a "hard
8 copy" format or processed at any point from electronic to "hard copy" is
9 unacceptable.  If opposing counsel objects to the costs involved with these
10 specifications, then counsel offers to simply eliminate opposing counsel's costs by
11 simply copying the relevant HARD DRIVES and providing an electronic copy of
12 the retrieved DOCUMENTS to opposing counsel.  Otherwise, opposing counsel and
13 its client(s) shall bear the costs of production.
14     7.    If a DOCUMENT or thing responsive to any category is being withheld
15 because YOU believe it to be privileged or protected against disclosure for any
16 reason, YOU must also produce a privilege log that provides sufficient information
17 for the court and the requesting party to evaluate YOUR claim of privilege and/or
18 protection, which must include but is not limited to the following information:
19        a.    The name of the author or origination and all recipients to the
20 DOCUMENT;
21        b.    The type of DOCUMENT (letter, report, memorandum, etc.),
22 including the title (if any), the identifying number (if any), and the date of the
23 DOCUMENT;
24        c.    A brief summary of the subject matter of the DOCUMENT; and
25        d.    The factual and legal basis upon which a privilege is claimed.
26     8.    Unless otherwise stated, the relevant time period for this set of
27 discovery is January 1, 2015, through the present.
28

- 8 -
PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

The PLAN DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING OON SUD treatment and laboratory coverage available under the PLAN DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING allowable amounts or eligible expenses for OON SUD treatment and laboratory services under the PLAN DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the interpretation, application and calculation of the allowable amounts or eligible expenses for OON SUD treatment and laboratory services under the PLAN DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the interpretation, application and calculation of the out-of-pocket maximum, deductible, copay, coinsurance and any other cost sharing obligations under the PLAN DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the reimbursement or payment methodology utilized by YOU in processing and adjudicating the CLAIMS.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING YOUR verification of benefits available to the PATIENTS under the PLANS for the treatment and services provided by PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, ESI and COMMUNICATIONS relied upon by YOU in verifying the benefits available to the PATIENTS under the PLANS for the treatment and services provided by PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING YOUR pricing of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the database YOU utilized in pricing the CLAIMS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING YOUR authorization or approval for the treatment and services that PLAINTIFF provided the PATIENTS.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the GUIDELINES applicable or applied by YOU to the CLAIMS.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING any bundled payment program applicable or applied by YOU to the CLAIMS.

**REQUEST FOR PRODUCTION NO. 14:**

The ADMINISTRATIVE RECORD REGARDING the administration of the CLAIMS, and all DOCUMENTS, COMMUNICATIONS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 15:**

YOUR complete file REGARDING the PATIENTS, and all DOCUMENTS, ESI and COMMUNICATIONS REGARDING the same.

PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between YOU and the PATIENTS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 17:**

YOUR complete file REGARDING the CLAIMS, and all DOCUMENTS, ESI and COMMUNICATIONS REGARDING the same.

**REQUEST FOR PRODUCTION NO. 18:**

YOUR review, investigation or audit of the CLAIMS, and all DOCUMENTS, ESI and COMMUNICATIONS REGARDING the same.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS between YOU and MULTIPLAN REGARDING the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS between YOU and PLAINTIFF REGARDING the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 21:**

YOUR review, investigation or audit of PLAINTIFF REGARDING the CLAIMS, and all DOCUMENTS, ESI and COMMUNICATIONS REGARDING the same.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING payments or partial payments YOU made to PLAINTIFF on the CLAIMS.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING YOUR denial of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING YOUR adjudication or reimbursement of the CLAIMS at Medicare or Medicare like rates.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING any requests, demands or notices to PLAINTIFF for refunds on payments YOU made on the CLAIMS.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING any requests, demands or notices to PLAINTIFF to recoup overpayments YOU made on the CLAIMS.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING any requests, demands or notices to PLAINTIFF REGARDING YOUR cross-plan offsets on the CLAIMS.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS to and from any PERSON who handled, processed or adjudicated the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS to and from any PERSON who denied the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS to and from any PERSON who made or authorized payments on the CLAIMS based on Medicare or Medicare like rates, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS to and from any PERSON who made requests or demands to PLAINTIFF for refunds on payments YOU made on the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PHASE ONE TO CIGNA DEFENDANTS

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS to and from any PERSON who made requests or demands to PLAINTIFF for recoupment of overpayments YOU made on the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS to and from any PERSON who made requests, demands or provided notice to PLAINTIFF REGARDING YOUR cross-plan offsetting of amounts owed on the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 34:**

All COMMUNICATIONS to and from any PERSON who applied YOUR GUIDELINES to the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS to and from any PERSON who investigated or audited PLAINTIFF REGARDING the CLAIMS, and all DOCUMENTS and ESI REGARDING the same.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS, ESI and COMMUNICATIONS REGARDING the network of institutions and health care professionals utilized by YOU to provide SUD treatment and laboratory services to the PATIENTS.

**REQUEST FOR PRODUCTION NO. 37:**

All agreements and contracts between YOU and MULTIPLAN REGARDING the PLAN DOCUMENTS, and all DOCUMENTS, ESI and COMMUNICATIONS REGARDING the same.

**REQUEST FOR PRODUCTION NO. 38:**

All agreements and contracts between YOU and MULTIPLAN REGARDING the CLAIMS, and all DOCUMENTS, ESI and

COMMUNICATIONS REGARDING the same.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS, ESI and COMMUNICATIONS between YOU and MULTIPLAN REGARDING the services that MULTIPLAN provided YOU REGARDING the CLAIMS.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS, ESI and COMMUNICATIONS between YOU and MULTIPLAN REGARDING the fees for services that MULTIPLAN provided YOU REGARDING the CLAIMS.

Dated: December 17, 2021           **CALLAHAN & BLAINE, APLC**

By: _____
Richard T. Collins
Damon D. Eisenbrey
Adrian L. Canzoneri
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this Court at whose direction service was made. My business address is Callahan & Blaine, APLC, 3 Hutton Centre, Ninth Floor, Santa Ana, California 92707.

On December 17, 2021, I served the following document(s) described as

**PLAINTIFF TML RECOVERY, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE CIGNA DEFENDANTS, SET ONE, PHASE ONE**

[X] **BY ELECTRONIC MAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

[ ] **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

** Please see attached Service List

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 17, 2021, at Santa Ana, California.

_____
Jeannie S. Kirwin

# SERVICE LIST

## TML Recovery, LLC, et al. v. Cigna Corporation, et al.
## USDC, Central District Case No. 20-cv-0269 DOC (JDEx)

| | |
|---|---|
| Mazda K. Antia<br>Jeanne L. Detch<br>Cooley, LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Tel: (858) 550-6000<br>Fax (858) 550-6420<br>Email: mantia@cooley.com<br>jdetch@cooley.com | *Attorneys for Defendants and Counter-Claim Plaintiffs*:<br>Cigna Corporation, Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., Cigna Behavioral Health, Inc., Cigna Behavioral Health of California, Inc., Cigna Health Management, Inc., and Cigna Healthcare of California, Inc. |
| Matthew D. Caplan<br>Cooley, LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>Email: mcaplan@cooley.com | *Attorneys for Defendants and Counter-Claim Plaintiffs*:<br>Cigna Corporation, Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., Cigna Behavioral Health, Inc., Cigna Behavioral Health of California, Inc., Cigna Health Management, Inc., and Cigna Healthcare of California, Inc. |
| Jenifer Wallis<br>**MUNCK WILSON MANDALA, LLP**<br>1925 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Tel: (310) 286-0377<br>Email: jwallis@munckwilson.com | *Attorneys for Defendants,*<br>Viant, Inc. and MultiPlan, Inc. |
| Errol J. King<br>Katie Mannino<br>Taylor J. Crousillac<br>Craig Caesar<br>**PHELPS DUNBAR LLP**<br>400 Convention Street, Suite 1100<br>Baton Rouge, LA 70802<br>Tel: (225) 376-0207<br>Email: errol.king@phelps.com<br>katie.mannino@phelps.com<br>taylor.crousillac@phelps.com<br>craig.caesar@phelps.com | *Attorneys for Defendants,*<br>Viant, Inc. and MultiPlan, Inc. |