# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TML Recovery, LLC et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>Cigna Corporation et al.,<br><br>                Defendants.<br><br>AND RELATED COUNTERCLAIMS | Lead Case No.<br>    8:20-cv-00269-DOC-JDE<br><br>Consolidated With Case Nos.:<br><br>8:20-cv-0271<br>8:20-cv-0274<br>8:20-cv-0272<br>8:20-cv-0787<br>8:20-cv-0273<br>8:20-cv-0788<br><br>**ORDER GRANTING JUDGMENT CREDITOR KRISTY JONES'S MOTION FOR ORDER DISTRIBUTING SETTLEMENT PROCEEDS OR IN THE ALTERNATIVE ASSIGNING AND DIRECTING PAYMENT OF PROCEEDS [611]** |

On April 14, 2025, judgment creditor and lien holder Kristy Jones ("Jones"), filed a Motion for Order Distributing Settlement Proceeds or in the Alternative Assigning and Directing Payment of Proceeds. Through her Motion, Jones seeks an order under California Code of Civil Procedure section 708.410 *et seq.* directing that plaintiff Southern California Addiction Center, Inc. and/or its counsel ("SCAC") pay to Jones the full settlement proceeds, net of attorneys' fees and costs, that are due SCAC following settlement in this action and which proceeds are currently being held in trust by SCAC's counsel as represented at the November 12, 2024, status conference. In the alternative, Jones requests the Court make an order under California Code of Civil Procedure section 708.510 that the net settlement proceeds due SCAC be assigned to Jones and directly paid to Jones by SCAC's counsel. Jones has a first priority lien supported by a prior Orange County Superior Court judgment against SCAC.

On April 23, 2025, Jones filed a Reply stating that no oppositions to the Motion had been filed by the deadline set by the Local Rules (Dkt. 612). On April 25, 2025, because there was still no response from other parties, the Court ordered that Plaintiff SCAC, judgment creditor Linda Votaw, and judgment creditor Coachella Valley Collection Service file a notice of non-opposition or opposition briefing by April 28, 2025. On April 28, 2025, Linda Votaw filed a notice of non-opposition to the Motion (Dkt. 615) and Coachella Valley Collection Service filed a notice of non-opposition to the Motion (Dkt. 616). On April 28, 2025, SCAC also filed a notice of non-opposition to the Motion but stated that its non-opposition was based on its understanding that a 30-day automatic stay would apply to the Court's ruling under Federal Rule of Civil Procedure 62(a) (Dkt. 617). No other responses were filed with the Court.

The Court, having considered Jones's Motion and the non-opposition by the interested parties, and finding the requirements of California Code of Civil Procedure section 708.410 and 708.470 *et seq.* met and finding good cause, hereby **GRANTS** the Motion and **ORDERS** as follows:

1. Within 30 days of this Order, SCAC's counsel is directed to deliver and pay to the client trust account maintained by Jones's counsel the entire amount of settlement proceeds due SCAC, net of attorneys' fees and costs, following settlement in this action and which proceeds are currently being held in trust by SCAC's counsel. Payment is to be made by wire transfer, unless otherwise agreed to by Jones. Jones is to provide to counsel for SCAC wire instructions or instructions for any other method of payment by separate copy.

2. Nothing in this Order shall prevent SCAC or other parties from seeking a stay of enforcement through state court proceedings or seeking other relief as appropriate in state court.

3. The hearing on this Motion set for May 12, 2025, is **VACATED**.

IT IS SO ORDERED.

Dated: April 29, 2025

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE